**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10926

Non-Argument Calendar

_____

EMMANUEL HOLLINS,

*Plaintiff-Appellant,*

*versus*

LYFT, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04957-VMC

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Emmanuel Hollins sued Lyft, Inc., asserting claims of vicarious liability, negligent hiring and training, and negligence per se. The district court granted summary judgment for Lyft on all

claims.  Just one, negligence per se, is on appeal.  After careful re-view, we affirm.

## FACTUAL BACKGROUND

Lyft, a digital rideshare platform, requires prospective driv-ers to pass an initial driving record check and criminal background check before they can drive with Lyft.  Lyft also requires drivers to consent to continuous checks throughout their contracts.  Ma-chelle Rucker, a prospective driver, first sought approval to drive with Lyft in January 2018.

Lyft approved Rucker after she passed her initial driving rec-ord and background checks.  None of Rucker's criminal back-ground checks disclosed any disqualifying information, including any disqualifying convictions.  But unbeknownst to Lyft, Rucker had been convicted in 2001 of a potentially disqualifying offense—deposit account fraud, or, writing a "bad check."

In December 2020, Rucker accepted a Lyft ride request from Hollins.  During the ride, a dispute arose between Hollins and Rucker.  When the ride ended and Hollins was walking away from Rucker's car, she shot him.  Hollins suffered permanent injuries.

## PROCEDURAL HISTORY

Hollins sued Lyft for negligence per se for violating Georgia's for-hire rideshare provision.[1]  Both parties filed motions for summary judgment.

In his motion, Hollins argued that Lyft was negligent per se for four reasons.  First, Lyft lacked a private certification under the statute.   Second, Lyft's background checks suffered an "[i]nherent flaw in failing to search backgrounds beyond seven years[.]"  Third, Rucker had a family violence charge and a fraud conviction that disqualified her from driving but Lyft approved her anyway.  Fourth, Lyft failed to provide Rucker's fingerprints to the Georgia Department of Driver Services in violation of the "[f]or [h]ire" provision.

Lyft responded that it met all its statutory duties, including by having Rucker submit relevant information about herself and her vehicle, and by conducting compliant background checks.  None of these, according to Lyft, disclosed a disqualifying event.  And Rucker could not have had a disqualifying "charge" disclosed since the for-hire rideshare provision only prohibits drivers with disqualifying convictions.

The district court granted summary judgment for Lyft.  The negligence per se claim, the court explained, failed because Lyft conducted multiple compliant checks, none of which disclosed any

---

[1] Hollins also sued Lyft for vicarious liability and negligent hiring, retention, and training, but those claims are not relevant to this appeal.

disqualifying convictions or other disqualifying events, and Hollins provided "no evidence" to rebut the authenticity of the background checks. Nor was there any evidence of breach of the for-hire rideshare provision in the record.

Hollins appeals the summary judgment for Lyft on his negligence per se claim.

## STANDARD OF REVIEW

We review de novo the resolution of cross-motions for summary judgment. *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1241 (11th Cir. 2021). We therefore apply the same legal standard used by the district court in considering these motions, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is only appropriate when there are no genuine issues of material fact. *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013).

## DISCUSSION

Hollins argues the district court erred by granting summary judgment on his per se claim because Lyft hired Rucker based on a non-compliant private background check and issued an improper certification. Not so.

To prevail on a negligence claim in Georgia, a plaintiff must establish four elements: duty, breach of duty, proximate cause, and actual damage. *Bradley Center, Inc. v. Wessner*, 296 S.E. 2d 693, 695 (Ga. 1982). Negligence per se arises when "a statute is violated, the person injured by the violation is within the class of persons the

statute was intended to protect, and the harm complained of was the harm the statute was intended to guard against." *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E. 2d 87, 92 (Ga. 2017). Negligence per se satisfies, as a matter of law, the first two elements of a negligence claim. *Hubbard v. Dep't of Transp.*, 568 S.E. 2d 559, 566 (Ga. Ct. App. 2002).

Georgia law requires that rideshare platforms like Lyft perform due diligence on people who apply to be drivers on the platform before approving them. Ga. Code Ann. § 40-1-193(c). Georgia does this by requiring that rideshare platforms ensure drivers have either of the following: a current state "for-hire license endorsement"; or a "current private background check certification" under section 40-5-39. *See* §§ 40-1-193(c)(2), 40-5-39(a).

Before issuing a private background check certification under section 40-5-39, the rideshare platforms must "conduct or cause to be conducted" a background check that includes: (1) a "search of a multistate, multijurisdiction criminal records locator or similar nation-wide data base," (2) a "search of the national sex offender registry," and (3) a "driving history research report." § 40-5-39(e)(3). A rideshare platform "shall not issue" a certification to a driver if the background check "discloses" that the applicant has been convicted of certain crimes. § 40-5-39(e)(4).

Section 40-5-39 also provides that an electronic display on a phone can constitute a "properly issued" private background check certification in lieu of a written certificate. *See* § 40-5-39(e)(5). A "digital identification" on a driver's phone will suffice if it shows

(1) his name and photo, (2) his car's make and model, (3) his license plate number, and (4) the car's certificate of insurance. *Id.* (incorporating the above information listed in § 40-1-193(d) as "constitut[ing] sufficient certification of a background check"). The electronic certification is valid for five years after it's issued. *Id.*

Lyft's approval of Rucker as a driver did not violate Georgia's for-hire rideshare provision because Rucker's initial background checks disclosed no disqualifying convictions, and she met the statute's other requirements. *See* § 40-5-39(e)(4). Nor did any of Lyft's later checks disclose any disqualifying convictions. With no disclosed disqualifying convictions, Lyft issued Rucker a compliant private background check certification by enabling the information required by Georgia law to be digitally displayed on her phone. *See* §§ 40-1-193(d) & 40-5-39(e)(5).

Hollins argues that the district court considered "conclusive" Lyft's corporate representative's testimony that Lyft complied with the background check and certification requirements, in contravention of conflicting evidence. As conflicting evidence, Hollins points to (1) a sentencing document showing Rucker's conviction for check fraud, and (2) a Georgia Department of Driver Services declaration that it had no record of any "[f]or-[h]ire [c]ertification" for Rucker. Hollins also asserts that Lyft failed to comply with a requirement that a private certification must be issued "in writing" and displayed to any police officer who requests it.

But the sentencing document is not conflicting evidence because, for negligence per se, it is immaterial whether Rucker had a

disqualifying offense. What matters is whether Lyft's background checks complied with Georgia law (they did) and whether those compliant checks disclosed any disqualifying convictions that Lyft then ignored (they didn't). § 40-5-39(e). And the Georgia Department of Driver Services declaration is not conflicting because it is the wrong document. Recall that Georgia law requires rideshare platforms to ensure that drivers have either of the following: a current state "for-hire license endorsement," or a "current private background check certification" pursuant to section 40-5-39. *See* §§ 40-1-193(c)(2), 40-5-39(a). Only the latter is at issue here. Lyft issued a private certification after complying with the background check requirements of the for-hire rideshare provision. As for displaying the certification, the for-hire rideshare provision is clear that private certifications needn't be "in written form" and can be electronically displayed. § 40-5-39(e)(5). And nowhere in the record does Hollins ever claim that a police officer requested to see Rucker's certificate and she refused.

Hollins also contends that the district court "abused its discretion in evaluating the sufficiency of the scope, duration and coverage of the background checks." That is, Lyft's private background check only looked back seven years, while some convictions (like fraud) are supposed to disqualify a candidate for life. But the undisputed evidence showed that Lyft's background checks were "conducted in compliance with" Georgia's for-hire rideshare provision. As Lyft's corporate representative explained, Lyft runs the background checks to ensure that the driver meets the state's qualifications. The check goes back seven years for some prior

convictions, while for other crimes a conviction "would disqualify a [driver] if they were convicted at any point in time in their life." None of the searches disclosed that Rucker was convicted of a disqualifying offense.

Because there was no dispute that Lyft complied with the Georgia for-hire rideshare provision, we affirm the district court's summary judgment on Hollins's negligence per se claim.

**AFFIRMED**.